1  Michele R. Stafford, Esq. (SBN 172509)
   George R. Nemiroff, Esq. (SBN 262058)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: gnemiroff@sjlawcorp.com

6  Attorneys for Plaintiffs, Boards of Trustees
   of the Sheet Metal Workers Pension Trust
7  of Northern California, et al.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARDS OF TRUSTEES OF THE SHEET          Case No.
   METAL WORKERS PENSION TRUST OF
12 NORTHERN CALIFORNIA;                     **COMPLAINT**

13 SHEET METAL WORKERS LOCAL 104
   HEALTH CARE TRUST;
14
   SHEET METAL WORKERS LOCAL 104
15 SUPPLEMENTAL PENSION FUND;

16 SHEET METAL WORKERS LOCAL 104
   VACATION-HOLIDAY SAVINGS FUND;
17
   SHEET METAL WORKERS LOCAL 104 AND
18 BAY AREA INDUSTRY TRAINING FUND;

19 RICK WERNER and SEAN O'DONOGHUE,
   Trustees; and
20
   SHEET METAL WORKERS INTERNATIONAL
21 ASSOCIATION LOCAL UNION 104,

22
                    Plaintiffs,
23
            v.
24

25 TOP NOTCH MECHANICAL, INC., a California
   corporation, dba TOP NOTCH MECHANICALS,
26 INC.

27              Defendant.

28

                              -1-

Parties

1.     The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendant is obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2.     Sheet Metal Workers International Association Local Union 104 ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action.  The Union expressly reserves its rights to pursue any other cause of action on its own behalf dba Top Notch Mechanicals, Inc.

3.     Top Notch Mechanicals, Inc., a California corporation ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5.     Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

**COMPLAINT**
**Case No.:**

6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.      The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

10.     Top Notch Mechanical, Inc. entered into the both the Standard Form of Union Agreement between the Union and Bay Area Association of SMACNA Chapter and the SMWIA Local 162 Blended Master Agreement  (the "Bargaining Agreements"). The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendant to make payment of employer contributions to Plaintiffs' Trust Funds, to the union

-3-

**COMPLAINT**
**Case No.:**

for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11.     Under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to pay certain contributions to: the International Training Institute, National Energy Management Institute, Sheet Metal Workers' Healthcare Plan, Sheet Metal Workers Local 104 Supplemental Health Care Plan, Sheet Metal Workers Local 162 Defined Contribution Retirement Plan, 4O1 A Plan, Northern California Sheet Metal Workers Excess Benefits Plan, Sheet Metal Workers Local Union No. 162 Vacation Plan, Northern California Valley, Modesto and Fresno Sheet Metal Heating and Air Conditioning Apprentice and Mechanic Training Fund, Robert G. Mammini Sheet Metal Workers Local Union No. 104 Scholarship Fund, SMWIA Scholarship Fund, Labor Management Cooperation Trust, Contractor Association Industry Fund, Sheet Metal Workers Local 104 Union Dues Check-Off, Local 162 Union Dues Check-Off, Sheet Metal Occupational Health Institute Trust, and the SMACNA Industry Fund for each geographic area identified in the Bargaining Agreements (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreements and Trust Agreements.

12.     Under the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreements and Trust Agreements. Finally, the Bargaining Agreements and the Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's

-4-

**COMPLAINT**
Case No.:

1   delinquent contributions.

2       13.     The Bargaining and Trust Agreements further requires Defendant to permit an

3   authorized Trust Fund representative to examine such records of Defendant as is necessary to determine

4   whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of

5   Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to

6   Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to

7   any other obligations pursuant to the Bargaining and Trust Agreements.

8                                   Factual Allegations

9       14.     Defendant has failed and refused to comply with an audit of their payroll records for the

10  period from May1, 2015 through the date of the audit.

11      15.     Plaintiff is also entitled to recover any and all contributions, and all liquidated damages

12  and interest on delinquent contributions, found due on timecards, further audit, or otherwise, including

13  estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of

14  Judgment.   Plaintiffs reserve the right to conduct a further audit to determine whether there are any

15  additional amounts due from Defendant.

16                          **FIRST CAUSE OF ACTION**
    **For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages,**
17  **Attorneys' Fees and Costs Against Defendant**

18      16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

19      17.     Defendant has a contractual duty to timely pay the required contributions to Plaintiffs

20  and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements

21  and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and

22  Trust Agreements incorporated therein to permit an audit of its records to determine whether it is

23  making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs

24  all amounts found due as a result of an audit, including audit fees.

25      18.     In addition, Defendant has a statutory duty to timely make the required payments to

26  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

27      19.     By failing to make the required payments to Plaintiffs and refusing to permit an audit of

28

COMPLAINT
Case No.:

its records, Defendant breached the Bargaining Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.     Defendant's failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

22.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements, the Trust Agreements, including permitting an audit of their records as requested by Plaintiffs;

(b)     enjoining Defendant from violating the terms of those documents and of ERISA; and

-6-

COMPLAINT
Case No.:

(c)     enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

2.     For a judgment against Defendant as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fail to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper.

Dated: November 20, 2017                    SALTZMAN & JOHNSON
                                            LAW CORPORATION


                                   By:     _____/S/_____
                                           George R. Nemiroff
                                           Attorneys for Plaintiffs

COMPLAINT
Case No.: